In the Matter of the Accounting of Hazel W. Bunce, as Exeutrix of Cedric A. Major, Deceased Trustee, and as Successor Trustee under an Indenture Made by Charlotte M. Beyer for the Benefit of Alice B. Leslie, Appellant; Robert P. Schulman et al., as Designated Guardians ad Litem for Infants and Incompetent, Respondents.

In the Matter of the Accounting of Hazel W. Bunce, as Executrix of Cedric A. Major, Deceased Trustee, and as Successor Trustee under an Indenture Made by Charlotte M. Beyer for the Benefit of Charlotte B. Major, Appellant; Leon D. Miller, as Designated Guardian ad Litem for Infants and Incompetent, Respondent.

First Department, April 30, 1964.

*William E. Jackson* of counsel (*Charles E. Bensel* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for appellant.

*Robert P. Schulman,* respondent in person.

*Theodore P. Halperin,* respondent in person.

STEUER, J.  The two orders on appeal result from similar applications presenting like questions; so, for convenience, only one will be referred to.  This is a special proceeding, pursuant to article 77 of the Civil Practice Law and Rules, to settle the accounts of trustees of an *inter vivos* trust.  Beneficiaries include an incompetent and infants under the age of 14 years. The moving party elected to proceed by order to show cause. Upon submission of the proposed order the court appointed guardians ad litem for the infants and the incompetent.  The instant application seeks to have new appointments made on the ground that the instant appointments are void as the court lacked the power to make them.

Appearances by infants and incompetents are provided for in article 12 of the Civil Practice Law and Rules.  It is there provided (1201) that if an infant has a guardian of his property, said guardian shall appear for him; lacking such guardian, the infant shall appear by a parent; and if he lacks both, or if there is conflict of interest, the infant shall appear by a guardian ad litem.  An incompetent shall appear by the committee of his property, or, if the latter has a conflicting interest, by a guardian ad litem.  A guardian ad litem may be appointed by the court in which the action is triable (CPLR 1202, subd. [a]) at any stage in the action upon its own initiative or upon the application of the infant or other interested party under circumstances not relevant here.  It is the appellant's contention that at the time these appointments were made the court lacked power because at that time no action was pending.  We do not agree.

We do not deem it necessary to decide whether the special proceeding was begun by the filing of the trustee's account, by presentation of the order to show cause or by the service of the same.  In any event, the Legislature, we believe, intended to bestow the power to make the appointment upon presentation of the order.  We arrive at this conclusion from the words of the legislation, the recorded history in regard to the use

of those words, and from what we deem to be the legislative purpose behind the change in procedure from that formerly provided for by the Civil Practice Act. As to the first, the words " The court in which an action is triable " refer to a complex of situations, some of which may antedate the technical institution of the proceeding. Appellant contends that these words were intended to designate the court which is empowered to make the appointment and nothing further. If the meaning were so to be limited, the choice of language was peculiarly inept. In fact, appellant's effort to give the words the meaning they contend for is by tracing similar language in other sections through a chain of connotations. This exercise is not convincing. It appears that the quoted words were substituted for " a court in which an action is brought or about to be brought " (Fifth Preliminary Rep. of Advisory Comm. on Practice and Procedure, 1961, p. 333). Undoubtedly these words would grant the power of appointment to a court to which an order to show cause was presented, as there could be no clearer indication that an action was about to be brought. The Fifth Preliminary Report shows that no change in meaning was intended by the substitution of the words enacted for those previously proposed (Fifth Preliminary Rep. of Advisory Comm. on Practice and Procedure, 1961, p. 334).

Lastly, the procedure provided for in Civil Practice Act and generally adopted was for the court to which the order to show cause was presented to designate a person to receive service on behalf of the infant (Civ. Prac. Act, § 226, subd. 1; Rules Civ. Prac., rule 44). On return of the order a guardian ad litem was appointed (Civ. Prac. Act, § 1313). In practice the same person was appointed and it was generally recognized that to all intents and purposes he was a guardian ad litem from the time he was designated to receive the service (Second Preliminary Rep. of Advisory Comm. on Practice and Procedure, 1958, pp. 373, 375). The elimination of this procedure and the provision for appearance by guardians or parents shows that the Legislature intended that upon initiation of the proceedings one of these natural guardians of the infant's interests would appear. Concededly, some representation in the nature of a guardian ad litem is required to make the proceeding legally binding on the infant. The person appearing for the infant would be entitled to notice of any application for the appointment of the guardian, if he himself did not make the application pursuant to the Civil Practice Law and Rules (1202, subd. [a], pars. 1 or 2). Having that opportunity, such a person could request his own appointment or that of

some other person suitable to the infant. Two purposes are served: the procedure is simplified and, in many instances, estates would not be put to the expense of guardians who are strangers to the infants.

This being the legislative purpose finding fruition in the changes referred to, it follows that the power originally held by the court to designate a guardian ad litem was not abrogated. In a necessary case it remained, though the instances in which a proper discretion allowed it to be exercised were severely restricted. The indicated procedure would be to await the application of the persons entitled to move for the appointment of the guardian ad litem and, after due consideration of any recommendation, to make an appointment. But where it appears that such procedure would constitute a danger to the infant's interests, or that the status or situation of the infant was such that the envisaged procedure could not result in anything but the appointment of a guardian without the benefit of any recommendation, such an appointment is not prohibited. Throughout this discussion reference is made to infants. The same conclusions have equal application in the instance of incompetents.

Respondents, the guardians ad litem appointed by the court, here contend that the nature of this application and the grounds upon which it was made preclude consideration of any question other than the power of the court and, specifically, that any question of the exercise of a proper discretion was not before the Special Term which was asked to make new appointments or confirm the ones purportedly made. This position is technically correct and would mandate, in ordinary circumstances, affirmance of the orders under appeal. However, this is not only a case of first impression but deals with a new procedure. And the improvident exercise of discretion has the pragmatic effect of rendering the new procedure less effective than it was intended to be. Here any person interested in the representation of an infant would be faced by a *fait accompli,* an existing appointee whom he would be under a burden to displace. Likewise, the affected persons could not reasonably be expected to be aware of the privileges available to them. Consequently the interests of justice demand that the present appointments be vacated. Whether this should be done in response to an application for relief necessarily implied in the making of the motion or of the court's own motion is not important. The net effect of the disposition herein is that the appointments of the guardians ad litem are vacated and the general guardians of the infants, if any, and if not a parent,

and the committee of the incompetent or the petitioners, may apply for the appointment of guardians ad litem. Failing timely application, the court may make such appointment. As there is no objection to the qualifications of the respondents, their subsequent appointment, in the absence of other considerations such as the recommendation of suitable persons, would not be precluded.

The orders should be reversed on the law and in the exercise of discretion and the motions granted to the extent of vacating the appointments. The matter should be remanded to Special Term for the purpose of making new appointments upon the application of the parents of the infants and the committee of the incompetent and, failing such application within a reasonable time, by the plaintiffs. Nothing herein decided prevents the reappointment of the respondents should the interested parties fail to apply or to nominate suitable persons. Costs to all parties filing briefs payable out of the estate.

BREITEL, J. P., McNALLY, EAGER and STALEY, JJ., concur.

Orders, entered on February 6, 1964, unanimously reversed on the law and in the exercise of discretion and the motions granted to the extent of vacating the appointments. The matter is remanded to Special Term for the purpose of making new appointments upon the application of the parents of the infants and the committee of the incompetent and, failing such application within a reasonable time, by the plaintiffs. Nothing decided in the opinion of STEUER, J., prevents the reappointment of the respondents should the interested parties fail to apply or to nominate suitable persons. Costs to all parties filing briefs payable out of the estate. Settle order on notice.